| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: April 3, 2019 3:50 PM<br>FILING ID: 10F500A06B815<br>CASE NUMBER: 2019CV31324 |
| Plaintiffs:   **AARON O'BRIEN and JANELLE HANDY**<br><br>v.<br><br>Defendants:   **MP ENVIRONMENTAL SERVICES, INC., a California Company; SHELBY HANNAH, an individual.** | ▲COURT USE ONLY▲<br>_____<br><br>Case Number:<br><br>Division:         Courtroom: |
| *Attorneys for Plaintiffs Aaron O'Brien and Janelle Handy*<br>Attorney:    Daniel S. Foster, #27282<br>                    Foster, Graham, Milstein & Calisher, LLP<br>                    360 S. Garfield Street, Suite 600<br>                    Denver, CO 80209<br>Telephone:   (303) 333-9810<br>Facsimile:   (303) 333-9786<br>E-mail:    danny@fostergraham.com | |
| **PLAINTIFFS' COMPLAINT AND JURY DEMAND** | |

Plaintiffs, by and through their undersigned counsel, submit this Complaint and Jury Demand and allege as follow:

## **PARTIES AND JURISDICTION**

1.  Plaintiff Janelle Handy (hereinafter referred to as "Ms. Handy") is an individual residing in the city of Denver, state of Colorado.

2.  Plaintiff Aaron O'Brien (hereinafter referred to as "Mr. O'Brien") is an individual residing in St. Croix, US Virgin Islands.

3.  Upon information and belief Defendant, Shelby Hannah (hereinafter referred to as "Hannah") is an individual residing at 220 4th Ave., Laurel, MT 59044.

4.  Upon information and belief Defendant, MP Environmental Services, Inc., is a California Corporation with its principal place of business located at 3400 Manor St., Bakersfield, CA 93308.

5. This Court has personal jurisdiction over the parties pursuant to C.R.S. §13-1-124(1)(a) and (b), or otherwise.

6. This Court has specific jurisdiction over MP Environmental Services, Inc. because the Defendant corporation availed itself to the driving laws of this State and the Plaintiffs' injuries were caused by Defendants' tortious acts within the State.

7. The Court has subject matter jurisdiction over this Complaint pursuant to the Colorado Constitution Article VI, Section 9, or otherwise.

8. Venue is proper herein pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

9. Upon information and belief, MP Environmental Services, Inc. maintains an operational fleet of over 175 tractors and utilizes over 300 trailers to provide transportation, demolition and remediation services throughout the Western United States.

10. MP Environmental Services, Inc. hired Hannah to operate and maintain one of its tractor trailer vehicles.

11. This action stems from a collision in which Hannah drove his commercial vehicle carelessly, resulting in serious bodily injury to Mr. O'Brien and to Ms. Handy ("the Collision").

12. On October 9, 2017, at approximately 7:17 p.m., Mr. O'Brien was riding as a restrained passenger in Ms. Handy's 2004 Mazda 6, which was traveling Northbound on South Gartrell Road in the City of Aurora, County of Arapahoe.

13. At the time, Hannah was driving a 2016 Peterbilt Model 386 with an attached trailer and was traveling on the Southbound off-ramp of South E470 to South Gartrell Road.

14. Hannah's tractor trailer failed to yield to Ms. Handy's vehicle and took the right-of-way from Ms. Handy.

15. Hannah made it into the Southbound lane of South Gartrell Road, but the attached trailer was still across the Northbound lanes of South Gartrell Road, causing the car driven by Ms. Handy to collide with the trailer. Ms. Handy's vehicle became pinned under the trailer just in front of the tandem axle.

16. As a result of the Collision, a pole and/or pipe came through the vehicle's windshield striking Mr. O'Brien on the left side of his face.

17. Police and medical personal responded shortly after and found Mr. O'Brien sitting on the ground outside the passenger door of the vehicle. Paramedics noted a large avulsion and atrial bleeding on his scalp.

18. Mr. O'Brien was transported emergently to Parker Adventist Hospital where he was diagnosed with temporal lacerations, a left cheek/lateral nasal laceration, a forehead laceration, a nasal dorsal laceration, and multiple extensive facial abrasions and embedded glass bodies.

19. Mr. O'Brien required emergency medical care to address his numerous facial injuries. He was also admitted to the hospital for further observation and medical care.

20. Mr. O'Brien has suffered permanent scarring and nerve injuries to his face as a result of the Collision.

21. Mr. O'Brien also sustained injuries to his neck, mid back, low back, left shoulder, and left chest wall. Mr. O'Brien has undergone significant medical care to address these injuries and has needs for future surgeries.

22. Ms. Handy also suffered numerous back, neck and wrist injuries which required on-going medical care. Further, Ms. Handy suffered significant emotional injuries as a result of this frightening Collision and underwent comprehensive psychological care to address her fears and driving anxiety.

23. Hannah was cited by the Aurora Police Department for Careless Driving Resulting in Bodily Injury Pursuant to Colorado Revised Statute § 42-4-1402(1)(2)(b), a class 1 misdemeanor.

24. The Collision was caused by Defendants' breaches of various applicable duties of care. But for Defendants' failures, the Collision would not have occurred, and Plaintiffs would not have been injured.

## FIRST CLAIM FOR RELIEF
**(Plaintiffs vs. Shelby Hannah – Negligence)**

25. Plaintiffs refer to and incorporate the preceding paragraphs as if fully set forth herein;

26. Hannah had a duty to drive the tractor trailer with reasonable care;

27. Hannah breached this duty causing the tractor trailer to collide with the Plaintiffs' vehicle, resulting in severe injuries to Plaintiffs;

28. Hannah's conduct has caused damages and injuries to Plaintiffs, including severe bodily injuries resulting in past and future medical expenses, lost income, and non-economic damages including partial and permanent impairment, physical and mental pain and suffering, loss of enjoyment of life, and change in lifestyle.

## SECOND CLAIM FOR RELIEF
### (Plaintiffs vs. Shelby Hannah – Negligence *Per Se*)

29. Plaintiffs refer to and incorporate the preceding paragraphs as if fully set forth herein;

30. On the date of the collision, the following statutes were in effect in the State of Colorado:

> C.R.S. § 42-4-1402 – Careless Driving
>
> (1) A Person who drives a motor vehicle…in an imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving.
>
> C.R.S. § 42-4-703-Entering through highway—stop of yield intersection
>
> (4)…After slowing or stopping, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time such driver is moving across or within the intersection or junction of roadways; except that, if a driver is involved in a collision with a vehicle in the intersection or junction of roadways after driving past a yield sign without stopping, such collision shall be deemed prima facie evidence of the driver's failure to yield right-of-way.

31. The statutes are intended in part to protect passengers such as Plaintiffs from harm caused by motorists driving carelessly and failing to yield to other drivers;

32. The injuries, harms, and losses suffered by Plaintiffs are the kind of injuries, harms, and losses the above statutes were designed to prevent;

33. On October 9, 2017 in the County of Arapahoe, State of Colorado, Hannah violated C.R.S. § 42-4-1402 and C.R.S. § 42-4-703 by driving carelessly and failing to yield the right-of-way, which caused the tractor trailer driven by Hannah to collide with the vehicle driven by Ms. Handy;

34. A violation of C.R.S. § 42-4-1402 and § 42-4-703 constitutes negligence *per se*;

35. Hannah's action constitutes negligence *per se*;

36. Hannah's conduct has caused damages and injuries to Plaintiffs, including severe bodily injuries resulting in past and future medical expenses, lost income, and non-economic damages including partial and permanent impairment, physical and mental pain and suffering, loss of enjoyment of life, and changes in lifestyle.

### THIRD CLAIM FOR RELIEF
**(Plaintiffs vs. MP Environmental Services, Inc. – Vicarious Liability)**

37. Plaintiffs refer to and incorporate the preceding paragraphs as if fully set forth herein;

38. Hannah was an agent and/or employee of MP Environmental Services, Inc. at the time of the Collision;

39. Hannah was acting within the course and scope of his agency and/or employment at the time of the Collision;

40. Hannah's acts and omissions are the acts and omissions of MP Environmental Services, Inc.;

41. Hannah's and MP Environmental Services Inc.'s conduct has caused damages and injuries to Plaintiffs, including severe bodily injuries resulting in past and future medical expenses, lost income, and non-economic damages including partial and permanent impairment, physical and mental pain and suffering, loss of enjoyment of life, and changes in lifestyle.

### FOURTH CLAIM FOR RELIEF
**(Plaintiffs vs. MP Environmental Services, Inc.-Respondeat Superior)**

42. Plaintiffs refer to and incorporate the preceding paragraphs as if fully set forth herein;

43. Hannah was an agent and/or employee of MP Environmental Services, Inc. at the time of the Collision;

44. Hannah was acting within the course and scope of his agency and/or employment at the time of the Collision;

45. Hannah's acts and omissions are the acts and omissions of MP Environmental Services, Inc.;

46. Hannah's and MP Environmental Services Inc.'s conduct has caused damages and injuries to Plaintiffs, including severe bodily injuries resulting in past and future medical expenses, lost income, and non-economic damages including partial and permanent impairment, physical and mental pain and suffering, loss of enjoyment of life, and changes in lifestyle.

WHEREFORE, Plaintiffs respectfully ask that this Court enter judgment in favor of the Plaintiffs and against the Defendants in an amount that will compensate the Plaintiffs for all injuries, damages and losses. The Plaintiffs asks for interest at the highest legal rate, both statutory and moratory, from the date of injury before and after judgment. The Plaintiffs ask for an award of costs, expert witness fees, reasonable attorney fees to the extent allowed by law, and all other appropriate relief. The Plaintiffs reserves the right to amend this Complaint to add a claim for exemplary damages after the deadline for initial disclosures has passed.

## JURY DEMAND

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**DATED this 3rd day of April, 2019.**

*/s/ Daniel S. Foster*_____
Foster Graham Milstein & Calisher, LLP
Daniel S. Foster, #27282
*Attorney for Plaintiffs Aaron O'Brien and Janelle Handy*

**Plaintiffs' addresses are confidential. Addresses will be provided pursuant to stipulation or by Court order limiting dissemination and disclosure to third parties.**